UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SAETES, et al.,<br><br>        Plaintiffs,<br><br>      v.<br><br>EXPHAND, INC., et al.,<br><br>        Defendants. | Case No. 19-cv-06235-VC<br><br>**ORDER DENYING MOTIONS FOR SANCTIONS; GRANTING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 123, 124, 125 |

      Peter Saetes and other expHand shareholders sued expHand as well as thirteen people who were allegedly involved in running the company. The plaintiffs claimed that expHand made knowingly false statements to solicit investments. The defendants served the plaintiffs with a proposed Rule 11 motion for sanctions, and the plaintiffs voluntarily dismissed the case within Rule 11's safe harbor period. Despite that voluntary dismissal, the defendants subsequently moved for sanctions under three authorities: (1) the Private Securities Litigation Reform Act (PSLRA) and Rule 11; (2) the Court's inherent authority; and (3) 28 U.S.C. § 1927. The motions are denied.

      1. Sanctions are impermissible under the PSLRA and Rule 11 because the plaintiffs voluntarily dismissed the case. In a private action arising under the PSLRA, district courts must enter findings on whether a party violated Rule 11(b) "upon final adjudication of the action." 15 U.S.C. § 78u–4(c)(1). A voluntary dismissal is simply not a "final adjudication." *See*, *e.g.*, *Great Dynasty International Financial Holdings Limited v. Haiting Li*, 2014 WL 3381416, at *4-5 (N.D. Cal. 2014); *Blaser v. Bessemer Trust Company*, 2002 WL 31359015, at *3-4 (S.D.N.Y. 2002). *But see DeMarco v. Depotech Corporation*, 131 F. Supp. 2d 1185, 1187-88 (S.D. Cal.

2001), *affirmed in an unpublished opinion*, 32 F. App'x 260 (9th Cir. 2002), *and Smith v. Smith*, 184 F.R.D. 420, 422-23 (S.D. Fla. 1998). And without the PSLRA's mandatory inquiry, there is no independent basis for Rule 11 sanctions because the plaintiffs voluntarily dismissed the case within Rule 11's safe harbor period.

    2. Sanctions under the Court's inherent authority are also impermissible because there is insufficient evidence of bad faith or conduct tantamount to bad faith. *See Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). Even the decision to name defendants who (as it turns out) were not with the company when the allegedly fraudulent conduct began is more suggestive of negligence than bad faith.[1]

    3. 28 U.S.C. § 1927 applies when an attorney "multiplies the proceedings . . . unreasonably and vexatiously." The Ninth Circuit has interpreted that phrase as applying only to filings and tactics once a lawsuit has commenced, not to an initial pleading. *See, e.g.*, *In re Keegan Management Company, Securities Litigation*, 78 F.3d 431, 435-36 (9th Cir. 1996); *Braunstein v. Arizona Department of Transportation*, 683 F.3d 1177, 1189 (9th Cir. 2012). Thus, the decision to name the defendants who were not affiliated with expHand until years after the plaintiffs purchased their shares is not covered by section 1927. Nor does the record reveal any conduct warranting sanctions under section 1927 after the complaint was filed.

    **IT IS SO ORDERED.**

Dated: September 25, 2020

_____
VINCE CHHABRIA
United States District Judge

---

[1] In another bit of sketchy conduct that did not draw a motion for sanctions, counsel for the plaintiffs—upon learning that the defendants were seeking sanctions notwithstanding the voluntary dismissal—filed an amended notice of voluntary dismissal which purported to specify that each side would bear its own costs and fees. The defendants' motion to strike the amended notice of voluntary dismissal is granted.